On respondents on review's petitions for reconsideration filed August 29; considered and under advisement on October 16, petitions for reconsideration are allowed, former opinion (365 Or 422, 446 P3d 1 (2019); on review from the Court of Appeals, 285 Or App 181, 395 P3d 592 (2017)) is modified and adhered to as modified November 15, 2019

Mark KRAMER
and Todd Prager,
*Petitioners on Review,*

*v.*

CITY OF LAKE OSWEGO;
and the State of Oregon, by and through
the State Land Board and
the Department of State Lands,
*Respondents on Review,*
*and*

LAKE OSWEGO CORPORATION,
*Respondent on Review.*

(CV12100913) (CA A156284) (SC S065014)

455 P3d 922

The City of Lake Oswego and Lake Oswego Corporation petitioned for reconsideration seeking clarification of minor details in the court's opinion. The city contended that the court mischaracterized its position as to whether Oswego Lake is subject to the public trust doctrine. Lake Oswego Corporation sought clarification that the opinion did not resolve factual and legal arguments related to riparian rights to the waterfront parks. *Held*: The city's request is allowed, and the court modified the opinion to remove those portions of the opinion where it mischaracterized the city's position. Lake Oswego Corporation's request is also allowed, and the court added a footnote to the opinion related to the clarification it sought.

The petitions for reconsideration are allowed. The former opinion is modified and adhered to as modified.

Brad S. Daniels, Stoel Rives LLP, Portland, filed the petition for reconsideration for respondent on review Lake Oswego Corporation. Also on the petition for reconsideration was Crystal S. Chase.

Robert Koch, Tonkon Torp LLP, Portland, filed the petition for reconsideration for respondent on review City of Lake Oswego. Also on the petition for reconsideration was Paul Conable.

Thane W. Tienson, Landye Bennett Blumstein LLP, Portland, filed the response to the petition for reconsideration for petitioners on review Mark Kramer and Todd Prager. Also on the response was Gregory M. Adams, Richardson Adams PLLC, Boise, Idaho.

No appearance by the State of Oregon.

Before Walters, Chief Justice, and Balmer, Nakamoto, Flynn, Duncan, Nelson, and Garrett, Justices.*

FLYNN, J.

The petitions for reconsideration are allowed. The former opinion is modified and adhered to as modified.

_____

\* Kistler, J., retired December 31, 2018, and did not participate in the decision of this case.

**FLYNN, J.**

Two of the defendants-respondents on review have petitioned for reconsideration of our decision in *Kramer v. City of Lake Oswego*, 365 Or 422, 446 P3d 1 (2019). That decision concluded that, "if Oswego Lake is among the navigable waterways that the state holds in trust for the public, then neither the state nor the city may unreasonably interfere with the public's right to enter the water from the abutting waterfront parks." *Id.* at 425. We reversed the trial court's grant of summary judgment for the defendants and remanded the case for the trial court to resolve "whether the lake is subject to the public trust doctrine," and, if the public trust doctrine applies, then "whether the city's restriction on entering the lake from the waterfront parks unreasonably interferes with the public's right to enter the lake from the abutting waterfront parks." *Id.* at 426. Both the City of Lake Oswego and Lake Oswego Corporation seek reconsideration of minor details set out in our opinion. We grant both petitions for reconsideration and amend our opinion in two ways.

## I.   CITY OF LAKE OSWEGO
## PETITION FOR RECONSIDERATION

In setting out the issues of material fact, we incorrectly described the city's position with respect to the question whether the lake is subject to the public trust doctrine. The city seeks reconsideration of our opinion and correction of the following passage, which misstates its position:

> "The list of pertinent material facts, of course, begins with *whether the city is correct* that the lake is not among those navigable waters for which the state holds title to the underlying land. If *the city's premise* is incorrect, then additional relevant circumstances include the extent to which the denial of water access from the waterfront parks impairs the public's ability to use the public water and whether the prohibition reasonably furthers the purpose of the trust in other ways."

*Id.* at 450 (emphases added).

We allow the city's petition for reconsideration and replace the passage quoted above with the following:

"The list of pertinent material facts, of course, begins with whether the lake is among those waters for which the state holds title to the underlying land. If so, then additional relevant circumstances include the extent to which the denial of water access from the waterfront parks impairs the public's ability to use the public water and whether the prohibition reasonably furthers the purpose of the trust in other ways."

## II.   LAKE OSWEGO CORPORATION PETITION FOR RECONSIDERATION

Lake Oswego Corporation contends that another relevant circumstance is whether the city acquired riparian rights when it acquired the waterfront park properties. The trial court had granted summary judgment without reaching Lake Oswego Corporation's argument that the city failed to acquire riparian rights to the waterfront parks. Lake Oswego Corporation wishes to argue on remand that private ownership of the riparian rights would affect plaintiffs' claim under the public trust doctrine, and it requests reconsideration and clarification that our opinion did not resolve the factual or legal arguments regarding riparian rights. We allow the petition for reconsideration and add the following footnote to page 450, at the conclusion of the new passage quoted above:

"Lake Oswego Corporation argues that another relevant circumstance is whether the city acquired riparian rights to the waterfront park properties. Because ownership of the riparian rights remains a circumstance in dispute, it would be premature for us to resolve whether that circumstance has relevance to plaintiffs' claim for relief. Although we have agreed with the rationale underlying the holding of the Montana Supreme Court in its *Madison County* decision, it is unnecessary to decide whether we also agree with the Montana court's conclusion that private ownership of riparian rights does not limit the public's right to enter the public water from a public right-of-way. 365 Or at 445 (citing 373 Mont at 302)."

The petitions for reconsideration are allowed. The former opinion is modified and adhered to as modified.